David Kirkland  
Registration No. 38437-054  
F.P.C. - Schuylkill  
P.O. Box 670  
Minersville, PA 17954

October 20, 2016

Clerk of Court  
United States District Court House  
50 Walnut Street, Room 4015  
Newark, NJ 07102

                Re: U.S.A. v. David Kirkland  
                Docket No. 06-00911-KSH1

To: Clerk

    Enclosed herein please find the following documents:

    ONE FORM 2255,

    TWO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C § 2255 ATTACHMENT A,

    TWO MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255,

    TWO AFFIDAVIT OF DAVID KIRKLAND THE PETITIONER,

    TWO EXHIBIT A-E DOCUMENTS, AND

    ONE REQUEST FOR WITHDRAWAL OF INMATE'S PERSONAL FUNDS.

                                   */s/ David Kirkland*  
                                     DAVID KIRKLAND, PRO SE  
Enclosures                          REGISTRATION NO. 38437-054

**\*PLEASE FILE-STAMP AND MAIL BACK\***

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out an in forma pauperis form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    ☐ Camden: Mitchell H. Cohen U.S. Courthouse 4th & Cooper Streets Camden, NJ 08101

    ☐ Trenton: Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse 402 East State St. Trenton, NJ 08608

    ☒ Newark: Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse 50 Walnut St. Newark, NJ 07101

9. **CAUTION**: You must include in this motion **all** the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES**: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of New Jersey |
|---|---|
| Name (under which you were convicted): DAVID KIRKLAND | Docket or Case No.: 2:06-cr-00911-KSH |
| Place of Confinement: Federal Prison Camp Schuylkill | Prisoner No.: 38437-054 |
| UNITED STATES OF AMERICA v. | Movant (include name under which you were convicted) DAVID KIRKLAND |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
United States District Court for the District of New Jersey (Newark).

   (b) Criminal docket or case number (if you know): 2:06-cr-00911-KSH

2. (a) Date of the judgment of conviction (if you know): October 5, 2009

   (b) Date of sentencing: October 2, 2009

3. Length of sentence: 216 months

4. Nature of crime (all counts): Conspiracy to transport stolen goods in interstate commerce, in violation of 18 U.S.C. § 371 (Count 1), Interstate transportation of stolen goods, in violation of 18 U.S.C. §§ 2314, 2 (Count 3), and Interstate transportation of stolen goods, in violation of 18 U.S.C. §§ 2314, 2 (Count 4).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9. If you did appeal, answer the following:

   (a) Name of court: United States Court of Appeals for the Third Circuit

   (b) Docket or case number (if you know): 09-4000

   (c) Result: The judgment entered by the District Court was affirmed.

   (d) Date of result (if you know): June 4, 2015

   (e) Citation to the case (if you know): 612 Fed. Appx. 133; 2015 U.S. App. LEXIS 9325

   (f) Grounds raised: (1) Value of stolen goods exceeded the statutory minimum of $5,000.00; (2) The failure of the trial Court to take timely action to give limiting instruction; (3) Plain error; (4) Ineffective assistance of counsel; (5) Litigation tactics employed by the government; (6) Multiple issues regarding sentencing. Second brief filed by attorney Annette Verdesco contained: (1) Indictment fatally defective and deficient; (2) Admitting into evidence the testimony of parole officer; (3) Use of Lawton's false testimony; (4) Alleyne and Apprendi issue.

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒    No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know):

   (2) Result: Certiorari denied

   (3) Date of result (if you know): November 30, 2015

   (4) Citation to the case (if you know): 2015 U.S. LEXIS 7412

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ☒

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ☒

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:   Yes ❑   No ☒

    (2) Second petition:   Yes ❑   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** See memorandum of law, page 8, point A.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See memorandum of law, page 8, point A
Attachment A ... 2255

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

**GROUND TWO:** See memorandum of law, page 9, point B

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See memorandum of law, page 9, point B
Attachment A ... 2255

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ☐   No ☒

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

**GROUND THREE:** See memorandum of law, page 19, point C.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): See memorandum of law, page 19, point C. Attachment A ... 2255

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

**GROUND FOUR:** See memorandum of law, page 24, point D.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See memorandum of law, page 24, point D.
Attachment A ... 2255

Ground Five: see memorandum of law, page 35, point E
          Attachment A ... 2255

Ground Six: see memorandum of law, page 38, point F
          Attachment A ... 2255

Ground Seven: see memorandum of law, page 41, point G
          Attachment A ... 2255

Ground Eight: see memorandum of law, page 50, point H
          Attachment A ... 2255

Grounds Five, Six, Seven and Eight all apply to page 10.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:  A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: A conflict of interest existed between my appellate counsel and I, appellate counsel filed a motion to be relieved and there was a breakdown in the attorney-client relationship, our differences were irreconcilable.

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: Peter R. Willis, 921 Bergen Ave., Jersey City, NJ

    (b) At arraignment and plea: Peter R. Willis, 921 Bergen Ave., Jersey City, NJ

    (c) At trial: James Patton, Livingston, NJ

    (d) At sentencing: James Patton, Livingston, NJ

Page 12

(e) On appeal: Isabel McGinty, 152 Broad St., Hightstown, NJ
Annette Verdesco, 60 Park Pl., Suite 703, Newark, NJ

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐  No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.\* See US Supreme Court certiorari denied by Kirkland v. United States, 2015 U.S. LEXIS 7412 (U.S., Nov. 30, 2015). The one-year period of limitation began on November 30, 2015, when my petition for writ of certiorari was denied.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
> (1) the date on which the judgment of conviction became final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Petitioner petitions the Honorable Court to reverse his conviction as to all counts and vacate the judgment, with this matter remanded to the Court for a new trial or any other relief to which movant may be entitled. In the alternative, afford the Petitioner an evidentiary hearing because Petitioner can make a substantial showing of the denial of a constitutional right. Trial counsel's incompetence is so serious that it rises to the level of a constructive denial of counsel which constitutes "constitutional error."

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on  October 20, 2016  (date).

_____
Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.

Executed (signed) on     October 20, 2016          (date)

Signature of Movant      _____

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.