# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| DAVID KIRKLAND, | : |
|       Petitioner, | : Civil Action No. 16-7831 (KSH) |
| v. | : **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | : |
|       Respondent. | : |

  *Pro se* petitioner David Kirkland, a prisoner confined at FCI Schuylkill in Minersville, Pennsylvania, seeks to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging a conviction and sentence this Court imposed upon him in *United States v. Kirkland*, No. 06-cr-0911 (D.N.J. judgment entered Oct. 5, 2009), for interstate transportation of stolen goods. Presently before the Court is a letter from Kirkland seeking certain "transcripts" without fee. ECF No. 8.

  However, the basis of Kirkland's request implicitly raises a new ground for habeas relief without seeking leave of court to amend. He wants to raise a jurisdictional argument regarding the prior criminal proceeding—contending the government did not establish that the crime occurred across state lines—something that in the initial § 2255 motion was not raised, and is not related to any claim that was raised there. *Compare id.* at 2-3 *to* ECF No. 1. At this point, Kirkland is time-barred from asserting new claims, because his judgment of conviction became final more than a year ago, on November 17, 2015, after his time to seek review with the Supreme Court expired. *See Mayle v. Felix*, 545 U.S. 644, 648 (2005); *Hodges v. United States*, 554 F.3d 372, 377 (3d Cir. 2009) ("*Mayle* forecloses the relation back of a new, untimely claim when it is 'supported by facts that differ in both time and type from those the original pleading set forth.'"

(quoting *Mayle*, 545 U.S at 650)). As such, his request for transcript is denied. *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in proceedings brought under section 2255 . . . shall be paid by the United States . . . [only] if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."). To the extent the letter can be construed as a request to amend, that request is also denied. Respondent is not required to respond to Kirkland's new claim for relief.

**IT IS** therefore on this 10th day of April, 2017,

**ORDERED** that Kirkland's letter request for transcripts, ECF No. 8, is **DENIED**; and it is further

**ORDERED** that the clerk shall serve a copy of this order on Kirkland by regular mail.

_s/ Katharine S. Hayden_____
Katharine S. Hayden, U.S.D.J.