UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID KIRKLAND | : | Civil No. 16-7831 (KSH) |
| | : | |
| V. | : | |
| | : | Hon. Katharine S. Hayden |
| UNITED STATES OF AMERICA | : | |

## PETITIONER'S RESPONSE TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255

Petitioner asks the Court to recognize that a petition made without the benefit of Counsel must be read with a measure of tolerance. Accordingly, petitioner relies on United States v. exrel. Montgomery v. Brierly, 414 F. 2d 552,555 (3d Cir.1969). Moreover, due to the Petitioner's general lack of expertise, he humbly asks the Court to review his response to the Government's motion with a lenient eye. These views are wholly consistent with Supreme Court doctrine, which confirms that pro se complaints must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21, 30 L.Ed 2d 652, 92 S. Ct. 594 (1972) (per curiam) and their allegations accepted as true, Cooper v. Plate, 378 U.S. 546, 12 L.Ed 2d 1030, 84 S.Ct. 1733 (1964). A document filed pro se must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). See Also Fed.R.Civ P 8(e) ("[P]leadings must be construed so as to do Justice").

## **LEGAL STANDARD**

In considering a motion to vacate a defendant's sentence, "the Court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing records." United States v. Booth, 432 F. 3d 542, 545 (3d Cir. 2005). If "[the] petition allege[s] facts warranting relief under 2255 that are not clearly resolved by the record, the District Court is obligated to follow the statutory mandate to hold an evidentiary hearing." Booth, 432 F. 3d at 546. See also Rule 8 (A) of the rules Governing 2255 proceedings.

It is all too temping to second-guess Counsel's assistance after conviction or adverse sentence, however, the question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practice or most common custom. Harrington v. Richter, 131 S. Ct. 770,178 L. Ed. 2d 624,628 (2011). (quoting Strickland, 466 U.S. 668,690 (1984).

The Petitioner relies "**Substantially on his Memorandum of Law**." The Petitioner further emphasized in arguments "A-F", that he has already laid out how the prejudice that flowed in this case was insurmountable. The Petitioner has satisfied the two-prong test outlined in Strickland v. Washington, 466 U.S.668, 688, 80 L.Ed. 2d 674, 104 S. Ct. 2052(1984). These issues demonstrate a quintessential example of unreasonable performance under Strickland, Hinton v. Alabama, 134 S.Ct.1081, 1089 (2014).

The Petitioner has ask the Court to review the argument the Government identified in it's appeal brief, (09-4000) to the Third Circuit Court of Appeals on July 3, 2012 page 34:

**If, however, this Court considers any of the claims to be potentially meritorious, resolution of Kirkland's ineffective claim would be premature. For instance, Kirkland cannot establish, absent a hearing, that his Counsel did indeed fail to investigate certain claim. Likewise, most issues Kirkland has identified implicate the tactical and legal judgement of his Trial attorney, which would require a hearing to permit Counsel to address what, if any, strategic reasons justified his investigatory and legal decisions in defending Kirkland at Trial.**

The lack of a fully developed record often precludes a comprehensive inquiry into the elements of "strategy" or "tactics" that may have entered into Defense Counsel's challenged decision. States v. McLaughlin, 386 F. 3d 547 (3d Cir. 2004)

## ANALYSIS

## PETITIONER'S MOTION SHOULD BE GRANTED OUTRIGHT AS PETITIONER SATISFIES HIS BURDEN UNDER THE CONTROLLING LAW AND THE GOVERNMENT OPPOSITION CONCEDES THE ARGUMENT.

By way of background, the Petitioner argues that he received ineffective assistance of Counsel because his Counsel's conduct was constitutionally deficient. On January 5, 2017, the Government asked the Court to please accept a letter brief in lieu of a more formal motion seeking a limited court order waiver of the attorney-client privilege so that the Government can investigate and respond to the factual assertions raised in the Petitioner's Petition under Title 28, United States Code, Section 2255, which alleges ineffective assistance of Counsel. For the reason stated above, on January 27, 2017, a court order was signed acknowledging that the attorney-client privilege has been waived with respect to all communications relevant to the issue of the Petitioner's discussion with his Counsel regarding sentencing, potential plea agreements, and the risk of going to trial. See Document Number 5 Civil No.16-7831 (KSH). The Government failed to file a full and complete answer to the deficiencies in the defense Counsel's errors. Despite the existence of a valid court order the Government failed to comply with court directives.

Specifically, the Petitioner argues that the Government has failed to comply with the court order on January 27, 2017, or otherwise seeking out the truth in the investigation. The affidavits never materialized; therefore, the Government has forced this Court to journey into unknown territory. The Petitioner is faced with a set of circumstances for which no solution regarding Trial Counsel's and Appellate Counsel's actual conduct or misconduct has been devised. In any event, the aggravating circumstances are so overwhelming it will create substantial prejudice from the absence of the evidence in the affidavits. The Government's response brief is misguided because the facts here are easily distinguished.

Petitioner present a colorable Sixth Amendment Claim showing disputed facts beyond the recorded and a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F. 3d 923, 925-27 (4th Cir. 2000). It would be grossly unjust to turn a blind eye to Petitioner's allegations. The supporting documents provided by the Government do not fully resolve these material disputes. The Petitioner contest this action, it falls within the class of cases in which an evidentiary hearing is especially warranted. United States v. White, 366 F. 3d 291,302 (4th Cir. 2004). Petitioner has a right to due process of law. Due process means fundamental fairness. Hampton v. United States, 96 S. Ct. 1646, 1652 N.6 (1976).

The Court should not consider any hypothetical testimony from the Government, as there are no affidavits from Trial Counsel, or Appellate Counsel anticipated witnesses setting forth the relevant facts to which they would testify. See Fed. R. Civ. P 56(c) (1) (A). Government's response fails to substantiate any "strategic decision" during the criminal proceedings. Counsel's strategic choices are reviewed with a strong presumption of correctness. United States v. Martin, 262 F appx 392, 395 (3d. Cir. 2008) (citation omitted).

It is noteworthy to express on July 9, 2009, this Court held an ex-parte proceeding with the Petitioner and Trial Counsel. Petitioner pointed out to the Court:

1. **Tactical and legal judgment,**
2. **Ignorance of point of law that was fundamental to petitioner's case...guideline provisions,**
3. **Failed to investigate certain claims and it should be noted that Counsel stated to the Petitioner you might as well just start your 2255 now, because I'm not going to listen.**

This problem was further compounded by no objection from Counsel. The Court explicitly declined to address Trial Counsel's "Strategy". See Government Exhibit No. 8. The absence of a written record of these attorney-client discussions and Counsel's unprofessional error's highlights the necessity for an evidentiary hearing. The Petitioner's ineffective assistance claim is substantial enough to warrant factual development in the District Court. Bracy v. Gramley. 520 U.S. 899, 908-09 (1997). "[An evidentiary] hearing must be granted when facts alleged in the motion would justify relief, if true, or when a factual dispute arises as to whether or not a constitutional right is being denied." Smith v. United States, 635 F. 2d 693, 696 (8th Cir. 1990). Lindhorst v. United States, 585 F. 2d 361, 365 N.8 (8th Cir. 1978).

The failure to request an affidavit from Trial Counsel, or Appellate Counsel illustrates a present drift in the Government's principle to seek out the truth. Its conduct suggests that loose practice constitutes a serious threat to fairness in our administration of justice. As the Petitioner, I add another observation. The Government is carrying a vendetta against the Petitioner for his out spoken criticism of previous attorney's. The deficiencies in Trial, and Appellate Counsel's performance were prejudicial to the Petitioner, Counsel's strategic choices and errors had adverse effect on the defense. The Government has stone walled, deriding the Petitioner in its response brief for safeguarding his Sixth Amendment right.

The Government's response is ridiculing the Petitioner for contesting Counsel's conduct. As a result, the Government is operating under the erroneous impression. Petitioner has shown actual prejudice, because when he was well counseled by Peter Wills, Petitioner had originally pleaded guilty to "77-96" months. The Petitioner was prejudiced when Mr. Patton, C.J.A. Counsel affirmatively advised the Petitioner he face a maximum sentence of 10-years in prison. Petitioner relying on Counsel's legal judgment was compelled to withdraw his guilty plea. Petitioner suffered "substantial prejudice", because the plea offer was much more favorable than the actual sentence of 216 months. The record indeed suggest Petitioner has offered evidence demonstrating a reasonable probability of a different out come, but for counsel's substandard legal advice his deficient performance affected the fundamental fairness of the proceedings.

Petitioner was prejudiced because, by proceeding to trial and becoming ineligible for three-level adjustment for acceptance of responsibility, plus he was exposed to an additional 120 months of imprisonment due to Counsel's failure to properly advise him about implication of the <u>Upward Departure</u>, <u>Victims Enhancement</u>, <u>Role Enhancement</u>, <u>Restitution</u>, and <u>5G1.2d</u> in U.S.S.G. Trial Counsel's performance was unreasonable under prevailing professional standards and that his short comings led to a fundamentally unfair proceeding that prejudiced the Petitioner's defense. The Government argues that Petitioner was not prejudice by this grave error, see, Government brief opposition, page <u>12-13</u>. Trial Counsel explained to the Petitioner it is a "<u>tactical</u>" and "<u>legal judgment</u>" to vacate the guilty plea and pursue a trial. Counsel erroneously inform the Petitioner that he would receive the same sentence whether in a plea agreement or at trial.

The Third Circuit identified potential sentencing exposure an important factor in the decision-making process, stating "knowledge" of the comparative sentence exposure between standing trial and accepting plea offer will often be crucial to the decision whether to plea guilty. <u>United States v. Day</u>, 969 F. 2d 39, 43 (3d Cir. 1992). The record contains no evidence that Trial Counsel fully informed Petitioner of the possible consequences of vacating the plea (Docket No. 92). Petitioner was seriously misled about the sentence exposure. Trial Counsel's error's deprived the Petitioner of a substantive and procedural right. The problem is significant for <u>3</u> reasons.

<u>First</u>, Petitioner did not receive any offer in writing from Counsel. <u>Second</u>, no formal offer was made part of the record at any subsequent plea proceedings or before Trial on the merits, to ensure that Petitioner was fully advised. <u>Third</u>, Trial counsel's failure to purse this plausible line of defense represents an unreasonable "strategic choice." The Sixth Amendment rights to effective assistance of Counsel "extends to plea-bargaining stage." <u>Lafler v. Cooper</u>, 132 S. Ct. 1376, 1384 (2012). When the defense Counsel allows the offer to expire without advising defendant [of the offer] or allow him to consider it, defense Counsel does not render the effective assistance the constitution requires <u>Missouri v. Frye</u>, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed. 2d 379 (2012). Counsel's performance is "deficient" and "prejudicial" under <u>Strickland</u>. Constructive denial of assistance of Counsel legally results in a finding of prejudice. <u>United States v. Cronic</u>, 466 U.S. 648, 659 N.25. (1984).

The right to effective assistance of Counsel applies to certain steps before trial. The plea offer is critical stage of the criminal proceeding. However, Trial Counsel failed to advise the Petitioner he had three options:

1. **Sign a plea agreement with stipulations,**
2. **Sign a plea agreement containing no stipulations, or**
3. **Simply an "open plea" of guilty to the indictment.**

The Third Circuit has noted that Counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer. United States v. Bui, 769 F. 3d 831, 835 (3d Cir. 2014). It is undisputed, and there can be no doubt that Petitioner has shown actual prejudice. Trial Counsel failed to inform Petitioner that he had the option of, making an "open" guilty plea rather than proceeding to trial. Petitioner relies substantially on United States v. Booth, 432 F. 3d 542 (3d Cir. 2005). Third Circuit has held that, in certain circumstances, a habeas Petitioner states a plausible claim for ineffective assistance of Counsel when he asserts that his Counsel failed to advise of the possibility of entering an open plea, which would have reduced his sentence. Booth, 432 F.3d at 549.

Booth filed a 2255 petition, alleging his Counsel was ineffective, because he was not informed about all possible plea options, including an "open plea", which would not have required Booth to cooperate with the Government. Id at 543. The District Court denied the motion without holding a hearing, but the Third Circuit reversed, concluding that "a defendant has a right to make reasonable informed decision whether to accept a plea offer" and that Booth raised a sufficient allegation that he would have accepted an "open plea" and was entitled to an evidentiary hearing on merits. Id. At 545, 549. The Third Circuit ordered the District Court to hold an evidentiary hearing on the question. Id. At 550. **Like Booth**, Petitioner argues that he would have accepted an "open plea" rather than going to trial, in the hope of a reduced sentence for acceptance of responsibility. Petitioner has emphasized that he had never maintained his innocence, and that he was amenable to plea offer (Docket Entry No. 63).

Prior to trial, Petitioner ask for a meeting with this Court, and the prosecution to discuss a possible disposition. The Petitioner was forced to negotiate an "open plea" deal. No advice was given by Counsel in the context of guilty plea discussions. Trial Counsel simply sat silently and refused to render adequate legal assistance. The U.S. Attorney recognizing the unique seriousness of such a proceeding honed in on Counsel's conduct and suggested the Petitioner plea to 137 months, 30 months more than the high end of the vacated plea.

Trial Counsel had no objection. It is well established that "any amount of additional jail time has Sixth Amendment significance," (quoting… Glover v. Untied States, 531 U.S. 198, 203 148 L. Ed 2d 604, 121 S.Ct. 696 (2001), Strickland, 466 U.S. at 695 (1984). The next move the Government made was to inform this Court it no longer participated in the plea negotiations under Rule 11. The Court excused her self from chambers. The Government has demonstrated a frightening ability to ignore a factual matter. It is difficult to fathom that the Government is unaware of specified conversations with the Petitioner regard's to plea offer. Petitioner has established facts which could satisfy his burden or give rise to factual dispute.

Accordingly, Petitioner has demonstrated that he would have entered into "open" plea, let alone with out Trial Counsel's affidavit to support the Petitioner's claim, the Government has forced this Court once again to journey into unknown territory. Evidentiary hearing is particularly compelling in this case. When as here, the factual allegations relate primarily to purported occurrences out side the Court room and upon which the record could, therefore, cast no real light, Machibroda v. United States, 368 U.S. 487, 494-95, 7L. Ed. 2d 473, 82 S.Ct. 510 (1962), and where the ultimate resolution rest on credibility determination, Raines v. United States, 423 F. 2d 526, 530 (4th Cir. 1970), an evidentiary hearing is especially warranted. In its opposition, the Government made absolutely no mention Appellate Counsel has not sought leave of the Court to file supplemental briefing on issues Counsel deem meritorious. The additional Pro se briefing flatly violates the 25,000 word limit the Court of Appeals granted the Petitioner. One clear error was Appellate Counsel's incorporation of this additional briefing does not comply with Fed. R.app. P28 (A) (9) (A).

Appellate Counsel's creative attempt to derail potentially meritorious claims cause substantial prejudice to the Petitioner and thereby serves to deprive him, of the rights to a direct appeal. A direct appeal is the final step in the adjudication of guilt or innocence, therefore, the Due Process Clause guarantee's first direct appeal as a matter of right. Burket v. Fulcomer, 951 F.2d 1431, 1438 (3d Cir. 1991). Appellate Counsel failed to select issues to maximize the likelihood of success on appeal. See Petitioner's memorandum of law "argument H" page 50-59. Trial Counsel and Appellate Counsel failed to raise a separate objection to the loss calculation for the purpose of restitution. Trial Counsel, well as Appellate Counsel "refused" to draw the District Court, or the Court of Appeals attention regarding payment is to be made to an "identifiable victim", who suffered pecuniary loss. The Government ignored the fact Counsel makes no showing that the Court was unaware of this rule regarding the mandatory victims Restitution Act of 1996, 18 U.S.C. 3663A (a)(1), (c)(1)(A)(ii). A victim's claim of loss based upon a measure of value unsupported by the evidence, and restitution awards may not be based on "speculation and rough justice". United States v. Howard, 2015 U.S. App. Lexis 7062 (10th Cir. 2015).

Counsel for the defense failed to establish any alternative restitution calculation. Trial Counsel failed to ask the Court to examine the facts in the presentence report, the "21 victims" who testified to obtained the necessary proof to justify a restitution award in count one. The discrepancy between the estimated loss amount of $2,223,565 and count three $100,000 count four $30,000... was evident. The Petitioner suffered significant prejudice due to Trial Counsel, and Appellate Counsel's error's. The MVRA permits victims restitution only for crimes for which the defendant is convicted. 18 U.S.C. 3663A (b)(1)(A). United States v. Kendre, 486 Fed. Appx.271,274 (3d Cir. 2012). This error is a clear violation of the standard articulated in Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), United States v. Booker, 543 U.S. 220 (2005). The folly in the Government's argument is palpable. First, and foremost, Booker, Supra, Blakely, Supra, and Apprendi, Supra, unequivocally establish that a Court may impose sentence solely on the basis of facts reflected in a jury verdict or those admitted by the defendant. Here, as Government concedes the sentence was predicated on a plethora of properties which Petitioner never admitted to or introduce in the Petitioner's trial. As such, these properties should not have been used to calculate the restitution.

Likewise, the Government's argument disregards the standing law on relevant conduct. The Government takes the position that the Court should simply "rubber stamp" any thing Government and the P.S.I. report deem as being relevant. If Trial Counsel would have requested a jury instruction on the "Monetary loss", of the "Market value" on counts 1, 3, and 4, the Petitioner would have received a sentence less than 60 months (5 years). The record undeniably reveals Counsel's made absolutely no mention of the issue and raised absolutely no challenge. Rather, Trial Counsel stood by idly and failed to request the jury instruction on the Mandatory Victims Restitution Act of 1996, 18 U.S.C. 3663A (a)(1), (c)(1)(A)(ii). There was no evidence produced as to those properties as required by Booker and as such, those properties should not have been used to increase the "restitution amount". This is a clear violation of the standard articulated in United States v. Booker, 543 U.S. 220 (2005).

Lastly, the Government has "opened the door" for this response regards to an outburst at the conclusion of closing arguments from the Petitioner. See March 18, 2009 transcript at 102:10-108:20. The Petitioner did not raise this argument in his brief. This is a question of some significance because the Government ignore the fact Trial Counsel's performance improperly interfered with the Petitioner's constitutional right to testify. Record reflects that the following occurred:

> **The defendant …Excuse me, your Honor.**
> **My life is on the line. I want to talk about**
> **The imaginary fence that it doesn't exist.**

The Petitioner put the Court on notice and asserts Counsel abandoned a possible defense strategy by failing to let the Petitioner testify on his own behalf. The infringements of the Petitioner's constitutional rights suggest this is another avenue that renders the judgement vulnerable to collateral attack. The cumulative effect of the constitutional violations deprived Petitioner of a fair trial when Counsel waived Petitioner right to testify regarding the "imaginary fence." When viewed together the errors attaching to the violations set forth above warrant this Court to reverse Petitioner's conviction as to all counts.

The Third Circuit has pronounced (in the context of habeas relief) that "individual errors that do not entitle a Petitioner to relief may do so when combined, if cumulatively the prejudice resulting from them undermined the fundamental fairness of his trial and denied him his constitutional right to due process". Fahy v. Horn, 516 F. 3d 169, 205, (3d Cir. 2008), see also, Frey v. Fulcomer, 974 F. 2d 348, 369 (3d Cir. 1992) (in a borderline case, a relatively small error is likely to tilt the decisional scales). The Petitioner has documented the pervasiveness of the prejudice which undermined the fairness of every aspect of his Pre-Trial, Trial, Sentencing Hearing, and Direct Appeal.

## CONCLUSION

For the foregoing reasons Petitioner respectfully ask that this Court vacate his sentence and order a new Trial, or in the alternative grant a hearing pursuant 28 U.S.C. 2255, regarding Petitioner's claim of ineffective assistance of Trial Counsel and Appellate Counsel, permit Counsel to address the tactical and legal judgment, or any strategic reasons justified in his or her investigatory decision in defending the Petitioner.

Respectfully Submitted.

Dated January 15, 2018

David Kirkland, Pro Se
Reg. No. 38437-054
FPC-Schuylkill
P.O. Box 670
Minersville, PA 17954